**CHIPMAN BROWN CICERO & COLE**

DELAWARE | NEW YORK

CHIPMAN BROWN CICERO & COLE, LLP
380 LEXINGTON AVENUE
17TH FLOOR
NEW YORK, NEW YORK 10168
WWW.CHIPMANBROWN.COM

ADAM D. COLE
(212) 551-1152
COLE@CHIPMANBROWN.COM

July 6, 2016

**BY FEDERAL EXPRESS**
Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, New York 10007

      Re:    *Beaufort Capital Partners LLC v. Oxysure Therapeutics, Inc.,*
            **16-CV-5176 (JPO)**

Dear Judge Oetken:

      We represent the Plaintiff, Beaufort Capital Partners LLC, in the above-referenced action that has been removed from New York Supreme Court, New York County on June 30, 2016. Pursuant to Your Honor's Order, dated July 1, 2016 [D.E. 3], we have filed our Notice of Appearance today.

      The purpose of this letter is to request clarification of Your Honor's separate Order, dated July 1, 2016. In that Order, the Court ordered the Plaintiff—not the removing Defendant—to show cause as to why the complaint should not be dismissed for lack of subject matter jurisdiction. [D.E. 4.] The basis for the Order is a failure to allege the domicile of each member of the Plaintiff LLC.

      The Plaintiff, however, did not choose this Court to resolve this simple note collection matter and is certainly prepared to resolve the matter in its chosen court, the New York Supreme Court, New York County. Indeed, this action was commenced by summary judgment in lieu of complaint under Section 3213 of the New York Civil Practice Law and Rules. As Your Honor is aware, Section 3213 is a more expedited procedure than normal and does not require a formal complaint, but instead an affidavit in support of the motion. The affidavit is not required to allege the full domiciles of each party and, therefore, we respectfully suggest that the Order to show cause should have been directed to the Defendant, as it is the Defendant's burden to establish the Court's subject matter jurisdiction on removal. *See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003).

      However, in an abundance of caution and to avoid dismissal, the Plaintiff discloses that it is a single member LLC, and that its single member is an individual who resides in Westchester County, New York.

Honorable J. Paul Oetken
United States District Court
July 6, 2016
Page 2

      Should the Court retain jurisdiction, the Plaintiff respectfully requests the Court convert the removed Section 3213 motion into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and set a briefing schedule. *See Tabatznik v. Turner*, 2016 WL 1267792, at * (S.D.N.Y. Mar. 30, 2016) ("Upon removal, a Section 3213 motion is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."); *Valley Nat'l Bank v. Oxygen Unlimited, LLC*, 2010 WL 5422508, at *4, n.2 (S.D.N.Y. Dec. 23, 2010) ("Plaintiff's motion for summary judgment in lieu of complaint will be treated as a motion for summary judgment made under Rule 56 of the Federal Rules and the papers already submitted to be a complaint and answer."). As in *Tabatznik*, the Section 3213 motion constitutes an opening motion and establishes the Plaintiff's *prima facie* claim for relief under the notes that are the subject of the motion. The Defendant, accordingly, is obligated "to respond with evidence from which a reasonable jury could find a bona fide defense to payment." *Id*. at *7. In *Tabatznik*, the court found that the defendant failed to present such evidence and entered judgment on the note. The Court should follow the same procedure here.

                                      Respectfully submitted,

                                      Adam D. Cole

cc: Mazin Sbiati, Esq. (by ECF)