UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
BEAUFORT CAPITAL PARTNERS LLC

        *Plaintiff*,        16-CV-5176 (JPO)

        -v-        <u>ANSWER</u>

OXYSURE THERAPEUTICS, INC.

        *Defendant*.

-------------------------------------------------------------x

## <u>DEFENDANT'S ANSWER</u>

Defendant Oxysure Therapeutics, Inc. (hereinafter "<u>Defendant</u>") submits its Original Answer to Plaintiff's Complaint as follows:

### I.

### <u>ADMISSIONS AND DENIALS</u>

A.    <u>The Promissory Notes</u>

1.    On or about February 10, 2016, Beaufort loaned the sum of $150,000.00 to defendant OxySure under the terms and conditions set forth in the February 10, 2016, Promissory Note executed by OxySure and Beaufort. *(See* Affidavit of Robert P. Marino, sworn to May _, 2016 ["Marino Aff."], Ex. "A".)

**ANSWER: Defendant admits that "On or about February 10, 2016, Beaufort loaned the sum of $150,000 to defendant OxySure under the terms and conditions set forth in the February 10, 2016, Promissory Note executed by OxySure and Beaufort" and states that the document otherwise speak for itself.**

2.    Paragraph 1 of the February 10, 2016, Promissory Note provides that "[t]he purchase price ($150,000) of this Note shall be due on September 17, 2016, or such later date as

is agreed to in writing by the Payee (the "Maturity Date"), unless due earlier in accordance with the terms of this Note (*see* Section c below)." (*Id*.¶ 1(a).)

**ANSWER: Defendant states that the document speaks for itself and that the document states that the maturity date is actually August 10, 2016.**

3. On or about March 10, 2016, Beaufort loaned the sum of $30,000 to defendant OxySure under the terms and conditions set forth in the March 10, 2016 Promissory Note executed by OxySure and Beaufort. *(See* Marino Aff., Ex. "B".)

**ANSWER: Defendant admits that Oxysure executed the above loan on March 10, 2016.**

4. Paragraph I of the March 10, 2016 Promissory Note provides that "[t]he purchase price ($30,000.00) of this Note shall be due on September 10, 2016 or such later date as is agreed to in writing by the Payee (the "Maturity Date"), unless due earlier in accordance with the terms of this Note (see Section c below)." (*Id*.¶ 1(a).)

**ANSWER: Defendant states that the document speaks for itself.**

5. On or about March 17, 2016, Beaufort loaned the sum of $150,000.00 to defendant OxySure under the terms and conditions set forth in the March 17, 2016, Promissory Note executed by OxySure and Beaufort. *(See* Marino Aff., Ex. "C".)

**ANSWER: Defendant admits that Oxysure executed the above loan on March 17, 2016.**

6. Paragraph I of the March 17, 2016 Promissory Note provides that "[t]he purchase price ($150,000.00) of this Note shall be due on September 17, 2016 or such later date as is agreed to in writing by the Payee (the "Maturity Date"), unless due earlier in accordance with the terms of this Note (see Section c below)." (*Id*.¶ 1(a).)

**ANSWER: Defendant states that the document speaks for itself.**

7.      Paragraph 3(b) of all the Promissory Notes further states that "[i]f any Event of Default occurs (unless such Event of Default is waived in writing by the Payee), the full principal amount of this Note shall become, at the Payee's election, immediately due and payable in cash." (Marino Aff., Exs. "A" ¶ 3(b), "B" ¶3(b), "C" ¶3(b).)

**ANSWER: Defendant states that the document speaks for itself.**

8.      Paragraph 3(b) of all the Promissory Notes also sets forth the percentage of default interest that begins to accrue upon an "Event of Default," stating that "[c]ommencing 5 days after the occurrence of any Event of Default that results in the acceleration of this Note, the interest rate on this Note shall accrue at the rate of 10% per annum, or such lower maximum amount of interest permitted to be charged under applicable law." *(Id.,* Exs. "A" ¶3(b), "B" ¶3(b), "C" ¶3(b).)

**ANSWER: Defendant states that each of the documents speaks for itself.**

9.      Paragraph 3(b) of all the Promissory Notes further provides for waiver of presentment and for no cure period, stating that "[t]he Payee need not provide and Maker hereby waives any presentment, demand, protest or other notice of any kind, and the payee may immediately and without expiration of any grace period enforce and all of its rights and remedies hereunder and all other remedies available to it under applicable law." *(I d.,* Exs. "A" ¶3(b), "B" ¶3(b), "C" ¶3(b).)

**ANSWER: Defendant states that each of the documents speaks for itself.**

10.     Paragraph 6 of all the Promissory Notes further provides that required payments of principal and interest are not subject to counterclaim or setoff, stating that "[a ]II payments of principal and interest shall be made without setoff, deduction or counterclaim." *(ld.,* Exs. "A" ¶6, "B" ¶6, "C" ¶6.)

**ANSWER: Defendant states that each of the documents speaks for itself.**

11. Paragraph 10 of all the Promissory Notes also provides for the payment of attorney's fees and costs should enforcement become necessary, stating that "[i]f Payee shall commence an action or proceeding to enforce this Note, then Maker shall reimburse Payee for its costs of collection and reasonable attorney's fees incurred with the investigation, preparation and prosecution of such action or proceeding." *(ld.,* Exs. "A" ¶10, "B" ¶10, "C" ¶10.)

**ANSWER: Defendant states that each of the documents speaks for itself.**

12. Beaufort has performed all covenants, conditions, and promises required under the Promissory Notes including, but not limited to, the lending of money to OxySure in the total amount of $330,000.

**ANSWER**: **Deny**.

B. <u>OxySure Defaults under The Promissory Notes and Then Fails to Pay</u>

13. Beaufort funded the purchase of the February 10, 2016 Promissory Note on February 16, 2016. Beaufort funded the purchase of the March I 0, 2016 Promissory Note on March 11,2016.

**ANSWER: Defendant does not deny that the notes were funded but is unable at this time to confirm or deny the precise dates of funding.**

14. Beaufort funded the purchase of the March 17, 2016 Promissory Note on March 23,2016 in the amount of$40,000.00; March 29,2016 in the amount of$40,000.00; April 08, 2016 in the amount of$40,000.00; and Aprill5, 2016 in the amount of$30,000.00.

**ANSWER: Defendant does not deny that the notes were funded but is unable at this time to confirm or deny the precise dates and amounts of funding as set forth above.**

15. Paragraph 3 of all the Promissory Notes sets forth the "Events of Default" that render the full purchase price immediately due and owing. Paragraph 3(a) defines an "Event of Default" as "any one of the following events (whatever reason and whether it shall be voluntary or involuntary or effected by operation of law or pursuant to any judgment, decree or order of any court, or any order, rule or regulation of any administrative or governmental body)." *(Id.,* Exs. "A" ¶3(a), "B" ¶3(a), "C" ¶3(a).)

**ANSWER: Defendant states that each of the documents speaks for itself.**

16. Paragraph 3(b)(vii) of all the Promissory Notes states the following as an Event of Default: "Failure to complete the preparation and filing of the financial statements with the SEC. Beaufort MUST be notified 7 business days ahead of failure to complete the preparation and filing of the financial statements with the SEC in a timely manner." *(Id.,* Exs. "A" ~3(b )(vii), "B" ~3(b)(vii), "C" 3(b)(vii).)

**ANSWER: Defendant states that each of the documents speaks for itself.**

17. On March 30, 2016, OxySure filed SEC Form 12b-25 in which it stated that it requires additional time to file its financial statements on Form 10-K for the fiscal year ending on December 31, 2015. (Marino Aff., Ex. "D".) No prior notice of OxySure's failure to file a timely financial statement was provided to Beaufort. (Marino Aff. ¶25.)

**ANSWER: Defendant admits that it filed a form 12b-25 on March 30, 2016.**

18. On April 15, 2016, OxySure filed SEC Form 15 indicating that it was terminating, pursuant to 17 CFR § 240.12g-4, its registration of securities, and thereby its duty to file any reports under Section 13(a) of the Securities Exchange Act of 1934. (Marino Aff., Ex. "E".) The reports OxySure was required to file under Section 13(a) and its related Rules prior to

suspending its duty include its annual financial reports. No prior notice of OxySure's termination of its duty to file financial statements was provided to Beaufort. (Marino Aff. ¶ 26).

**ANSWER: Defendant admits that it filed a Form 15 on April 15, 2016. Oxysure denies the balance of the allegation.**

19.   On April 18, 2016, Beaufort notified OxySure that its failure to file a financial report and termination of its continuing duty to file financial reports constituted an Event of Default under the Promissory Notes, and demanded "full payment by the Company of the purchase price of the Notes." (Marino Aff., Ex. "F".) The notice further stated that "that beginning tomorrow, the Notes will start accruing interest at a rate of 10%." (Marino Aff. ¶27.)

**ANSWER: Defendant does not deny the communication but denies the accuracy or veracity of the substance of the communication.**

20.   Despite demand, OxySure has failed to make any payment of principal or interest under the defaulted Promissory Notes and is in breach of those notes. (Marino Aff. ¶28.)

**ANSWER: Deny.**

21.   Accordingly, OxySure owes Beaufort the principal balance of $330,000.00, plus contractual interest in the amount of 10% per annum from April 20, 2016.

ANSWER: Deny.

## II.

## **AFFIRMATIVE DEFENSES**

22.   Defendant Oxysure raises the following affirmative defenses to liability:

    a.   The Notes are void under the New York usury laws;

    b.   Plaintiff has waived any rights hereunder;

    c.   Plaintiff assumed the risk;

    d. Plaintiff ratified Oxysure's actions;

    e. Plaintiff's maturity dates have not yet arrived;

    f. Mutual mistake;

    g. Estoppel;

    h. Failure to mitigate;

    i. Unclean hands;

    j. Assumption of risk;

    k. Voluntary payment doctrine;

23. Oxysure respectfully requests that the Court enter take nothing judgment against Plaintiff.

Dated: August 5, 2016.

                          Respectfully submitted,

                          **FRIEDMAN & FEIGER, LLP**
                          /s/ Mazin Sbaiti           .
                          Mazin A. Sbaiti, Esq.
                          NY Bar No. 4339057
                          Mazin@FFLawOffice.com
                          5301 Spring Valley Road
                          Suite 200
                          Dallas, Texas  75254
                          (972) 788-1400 (Tel)
                          (972) 788-2667 (Fax)
                          *Counsel for Defendant Oxysure Therapeutics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing has been furnished to Counsel for Plaintiff by e-service and certified mail RRR on this 5th day of August, 2016.

/s/ Mazin Sbaiti
Mazin A. Sbaiti, Esq