UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BEAUFORT CAPITAL PARTNERS LLC,

                                Plaintiff,

                 -v-

OXYSURE SYSTEMS, INC.,

                               Defendant.

16-CV-5176 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Beaufort Capital Partners LLC ("Beaufort") initiated this action on June 1, 2016, by filing a motion for summary judgment in lieu of complaint in New York Supreme Court. (Dkt. No. 1 at 1.) Beaufort seeks summary judgment to enforce amounts owed and interest on three promissory notes. Defendant Oxysure Systems, Inc. ("Oxysure") removed the case to this Court on June 30, 2016. (*Id.*) For the reasons that follow, Beaufort's motion for summary judgment is granted.

**I.    Background**

    The following facts—which are undisputed unless otherwise noted—are taken from the record before the Court, including materials incorporated by reference therein. (*See* Dkt. Nos. 1, 15, 16, 17.) *See also Beaufort Capital Partners LLC v. Oxysure Therapeutics, Inc.*, No. 652908/2016 (N.Y. Sup. Ct. 2016).

    Beaufort lent Oxysure a total of $330,000 through three promissory notes. (Dkt. No. 1-1 at 7.) On February 10, 2016, Beaufort loaned Oxysure $150,000 under the terms and conditions set forth in the February 10, 2016, Promissory Note, which provided for a maturity date of

1

August 10, 2016.  (*Id.*)  *See Beaufort*, No. 652908/2016, Doc. No. 4 ("February Note").[1]  On March 10, 2016, Beaufort loaned Oxysure $30,000 under the terms and conditions set forth in the March 10, 2016, Promissory Note, which provided for a maturity date of September 10, 2016.  (Dkt. No. 1-1 at 7-8.)  *See Beaufort*, No. 652908/2016, Doc. No. 5 ("March 10 Note").  And on March 17, 2016, Beaufort loaned Oxysure $150,000 under the terms and conditions set forth in the March 16, 2016, Promissory Note, which provided for a maturity date of September 17, 2016.  (Dkt. No. 1-1 at 8.)  *See Beaufort*, No. 652908/2016, Doc. No. 6 ("March 16 Note").  Beaufort funded the purchase of each of the Promissory Notes.  (Dkt. No. 1-1 at 9-10.)

Each of the Promissory Notes provides that "[i]f any Event of Default occurs (unless such Event of Default is waived in writing by the Payee), the full principal amount of this Note shall become, at the Payee's election, immediately due and payable in cash."  (Dkt. No. 1-1 at 8.)  *See* February Note ¶ 3(b); March 10 Note ¶ 3(b); March 16 Note ¶ 3(b).  In the list of circumstances constituting an Event of Default, the Promissory Notes include: "Failure to complete the preparation and filing of the financial statements with the SEC.  Beaufort MUST be notified 7 days ahead of failure to complete the preparation and filing of the financial statements with the SEC in a timely manner."  *See* February Note ¶ 3(a)(vii); March 10 Note ¶ 3(a)(vii); March 16 Note ¶ 3(a)(vii).  The Notes also provide that default interest at the rate of 10% per year accrues beginning five days after an Event of Default.  (Dkt. No. 1-1 at 8.)  *See* February Note ¶ 3(b); March 10 Note ¶ 3(b); March 16 Note ¶ 3(b).  They further provide for attorney's fees and costs in the event of an action to enforce the notes.  (Dkt. No. 1-1 at 9.)

---

[1] Beaufort claims that the maturity date for the February Note was September 16, 2017.  (*See* Dkt. No. 1-1 at 7.)  The February Note itself, however, refers to an August 10, 2016, maturity date, *see* February Note, consistent with a six-month maturity.

2

On March 30, 2016, Oxysure filed SEC Form 12b-25, stating that it required additional time to file its financial statements; Oxysure did not provide prior notice to Beaufort of its delay. (*Id.* at 10.)  On April 15, 2016, Oxysure filed SEC Form 15, indicating that it was terminating its registration of securities, and thereby its duty to file financial reports under Section 13(a) of the Exchange Act of 1934.  (*Id.* at 10-11.)  On April 18, 2016, Beaufort notified Oxysure that its failure to file a financial report and the termination of its ongoing duty to do so constituted an Event of Default under the Promissory Notes and demanded full payment of the Notes.  (*Id.* at 11.)

Beaufort initiated this action in New York State Supreme Court under New York's provision for summary judgment in lieu of complaint for actions to collect money on a debt instrument.  *See* N.Y. C.P.L.R. § 3213.  Oxysure removed the case to this Court on June 30, 2016.  Jurisdiction is proper under this Court's diversity jurisdiction:  Beaufort is a single-member LLC whose member is a citizen of New York; Oxysure is a Delaware corporation based in Texas; and the amount in controversy exceeds $75,000.  (Dkt. No. 1 at 2; Dkt. No. 9.)  *See* 28 U.S.C. §§ 1332, 1441; *see also Beaufort*, No. 652908/2016, Doc. No. 3 ¶ 5 ("Marino Declaration").

## II.   Legal Standard

Upon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See Tabatznik v. Turner*, No. 14 Civ. 8135, 2016 WL 1267792, at *4 n.2 (S.D.N.Y. Mar. 30, 2016); *Valley Nat'l Bank v. Oxygen Unlimited, LLC*, No. 10 Civ. 5815, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, a court must view the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

"Under New York law, to make out a prima facie case for recovery on a promissory note 'a plaintiff must simply show proof of a note and failure to make payment.'" *Tabatznik*, 2016 WL 1267792, at *5 (quoting *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006)). Where a noteholder has made out a prima facie case, the burden shifts to the payee to prove the existence of defense against the note creating a triable issue of fact. *See id.*

**III.    Discussion**

Beaufort has adequately pleaded a prima facie case for recovery on summary judgment in lieu of complaint. *See, e.g.*, *Ahmad v. Luce*, No. 2014-11464, 2017 WL 601352 (N.Y. App. Div. 2d Dep't Feb. 15, 2017) ("In this action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law by submitting the promissory note, which contained an unequivocal and unconditional obligation to pay, and proof of the defendants' failure to make payments on the note according to its terms."). Beaufort has shown proof of the existence of the notes and it has alleged a breach by Oxysure. Oxysure's failure to notify Beaufort of its failure to complete required filings with the SEC, and of its intention to complete no further filings, amounts to a breach of paragraph 3 of each of the Promissory Notes. (Dkt. No. 1 at 10-11.) *See* February Note ¶ 3(a)(vii); March 10 Note ¶ 3(a)(vii); March 16 Note ¶ 3(a)(vii).

Oxysure does not dispute the existence of the Notes, nor does it appear to contest the conditions of its alleged breach.  Instead, in its opposition to Beaufort's motion for summary judgment, Oxysure argues that the Notes are void *ab initio* because they are usurious.

As an LLC, Oxysure is precluded from interposing a usury defense unless the charged rate of interest exceeds 25 percent per year.  *See* N.Y. Gen. Oblig. Law § 5-521; N.Y. Penal Law § 190.40.  Oxysure argues, however, that the Notes have an effective interest rate of forty-eight percent over six months, which would be well beyond usurious.  (Dkt. No. 16 at 4.)  Oxysure's argument relies on the equity conversion feature of the Notes, which provides that "[a]t any time after the Maturity Date . . . this Note, including interest and principal, shall be convertible into shares at the higher of (a) $0.0004; or (b) the amount that is a 30% discount" from the average closing price.  February Note ¶ 4(a)(i); March 10 Note ¶ 4(a)(i); March 16 Note ¶ 4(a)(i).  Oxysure argues (and does the math to support it) that a 30% discount in the equity conversion effectively increases the interest rate on the notes to a level that is usurious.  (Dkt. No. 16 at 4-5.)

However, Oxysure's argument is unsuccessful.  "[T]he defense of usury does not apply where . . . the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum *only after default or maturity*."  *Kraus v. Mendelsohn*, 97 A.D.3d 641, 641 (N.Y. App. Div. 2d Dep't 2012) (alteration in original) (emphasis added) (quoting *Miller Planning Corp. v. Wells*, 253 A.D.2d 859, 860 (N.Y. App. Div. 2d Dep't 1998)); *see also Phlo Corp. v. Stevens*, No. 00 Civ. 3619, 2001 WL 1313387, at *5 (S.D.N.Y. Oct. 25, 2001), ("[A]bundant authority exists in New York for the holding that there is no usury where an excessive rate of interest is made payable after maturity." (quoting *In re McCorhill Publishing, Inc. v. Greater N.Y. Savings Bank*, 86 B.R. 783, 793 (Bankr. S.D.N.Y. 1988))), *aff'd*, 62 F. App'x 377 (2d Cir. 2003).  Here, the interest rate of the Notes before and on the Maturity Date was just 4 percent over the six-

month duration of the notes, which, even when annualized, is far below 25 percent. (*Id.* at 4 n.14.) The allegedly usurious rate is, by its terms, only applicable "after the Maturity Date" of the notes. February Note ¶ 4(a)(i); March 10 Note ¶ 4(a)(i); March 16 Note ¶ 4(a)(i). Because the pre-maturity interest rate of the Notes is below the usury threshold, they are valid on their face.

Even focusing on the post-maturity interest rate, as Oxysure does, the usury defense would likely nonetheless fail because it relies on the debt-to-equity conversion feature of the notes. The conversion feature allowed Beaufort to redeem the Notes for equity at a discounted price after the maturity date. *See* February Note ¶ 4(a)(i); March 10 Note ¶ 4(a)(i); March 16 Note ¶ 4(a)(i). However, though the initial transaction took the form of a loan, upon conversion to equity, the loans likely have the character of an equity investment, and are thus no longer vulnerable to a usury defense. *See Seidel v. 18 E. 17th St. Owners, Inc.*, 79 N.Y.2d 735, 744 (N.Y. 1992) ("If the transaction is not a loan, 'there can be no usury, however unconscionable the contract may be.'" (quoting *Orvis v. Curtiss*, 157 N.Y. 657, 661 (1899))). Thus Oxysure's reliance on the discounted equity conversion in calculating the applicable interest rate for its usury defense is misplaced.

Finally, Oxysure contends that it "also seeks rescission for bad faith, fraud, impossibility, frustration, mistake (lack of meeting of the minds), and oppression." (Dkt. No. 16 at 5.) However, Oxysure alleges no facts to support these defenses. In its "Response to Summary Judgment," Oxysure claims that "[t]hese allegations have also been set forth in Oxysure's Texas Complaint—Oxysure has not yet had occasion to Answer or file a Counterclaim in this suit yet." (*Id.* at 5 n.19.) But, indeed, Oxysure had already filed an Answer in this action on August 5, 2016, three weeks prior to the filing of its Response to Summary Judgment on August 26, 2016.

(*See* Dkt. No. 15; Dkt. No. 16.)  And in that answer, Oxysure alleges no facts to support its defenses.  (Dkt. No. 15 ¶ 22.)  Nor does it draw into question any of the facts material to Beaufort's claims.  Such bare allegations unsupported by facts are insufficient to defeat summary judgment.  *See UPS Store, Inc. v. Hagan*, No. 14 Civ. 1210, 2016 WL 690918, at *2 (S.D.N.Y. Feb. 11, 2016) (requiring nonmoving party to "set forth 'specific facts showing that there is a *genuine issue* for trial.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### IV.   Conclusion

For the foregoing reasons, Beaufort's motion for summary judgment is GRANTED.  Beaufort is entitled to a judgment against Oxysure of $330,000 together with accrued interest.  Beaufort is directed to provide the Court with a proposed order of judgment within 30 days of the date of this Opinion and Order.  Oxysure is permitted to file a brief in opposition within 15 days of Beaufort's submission.

SO ORDERED.

Dated: March 7, 2017
       New York, New York

_____
J. PAUL OETKEN
United States District Judge